CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
MAY 23 2007
JOHN F. CORCORAN, CLERK
BY: /s/ Valarie
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOHN RAY EVANS, ) | |
| Petitioner, ) | Civil Action No. 7:07cv00070 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| UNITED STATES OF AMERICA, ) | By: Hon. Norman K. Moon |
| Respondent. ) | United States District Judge |

Petitioner, John Ray Evans, filed this 28 U.S.C. § 2255 motion challenging the validity of his sentence and conviction for two counts of possessing with the intent to distribute a detectable amount of cocaine base. Evans claims that the court violated his right to due process when it found him to be a career offender and enhanced his sentence accordingly, while the jury had not addressed this matter. The court finds that Evans' claim is not cognizable on habeas review because it is procedurally defaulted and, therefore, grants respondent's motion to dismiss and dismisses Evans' motion.

**I.**

On November 3, 2004, Evans was indicted on two counts of possession with intent to distribute a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). The court appointed counsel to assist Evans at trial, but he ultimately chose to represent himself. While he appeared pro se during his criminal case, the court also appointed stand-by counsel who made closing arguments for Evans at his trial. On January 10, 2005, the United States filed an information seeking enhanced penalties pursuant to 21 U.S.C. § 851, based on Evans' prior convictions. On March 10, 2005, a jury convicted Evans on both counts of possessing cocaine base. At sentencing, the court determined that Evans was a career offender and enhanced his offense level accordingly.[1] The court

---

[1] The court based this determination on the facts that Evans was at least 18 years old at the time he committed the offense of conviction, the offense of conviction was a felony that was either a crime of violence or a controlled substance offense, and he had at least two prior felony convictions of either a crime of violence or a controlled substance offense. See U.S.S.G. 4B1.1. The prior felony convictions that qualified Evans for the enhancement were (1) entering a dwelling, being armed, and making assault with intent to commit a felony; (2) possession with intent to distribute cocaine base; and (3) unlawful possession of a controlled substance with intent to distribute in a drug-free school zone. Evans does not challenge the validity of any of these underlying convictions.

ultimately sentenced Evans to 262 months imprisonment followed by a period of six years of supervised release.

On September 2, 2005, Evans, acting pro se, filed an appeal in the United States Court of Appeals for the Fourth Circuit. Evans filed an motion for an extension of time to file an informal brief, which the court granted on November 28, 2005. By January 20, 2006, Evans had yet to file his brief and the court notified him that his appeal would be dismissed if he did not file a brief by February 6, 2006. On February 7, 2006, one day after his brief was due, Evans filed a second motion for an extension, which the court denied but instructed him to file his brief by February 14, 2006. On February 22, 2006, when Evans still had not field a brief, the Fourth Circuit dismissed his appeal for failure to prosecute.

On February 7, 2007, Evans filed the instant § 2255 motion.[2] In his petition, Evans argues that the sentencing enhancement he received as a result of qualifying as a career offender was unconstitutional as against the Fifth and Sixth Amendments because it was based on "judge-found facts," and not determined by a jury.

## II.

The Supreme Court has noted that "habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998). Claims that could have been, but were not, raised on direct appeal are procedurally defaulted. Id. In the instant case, although Evans did bring an appeal, despite being given multiple opportunities, he never perfected his appeal and did not raise the issue he raises in this § 2255 petition on appeal. Therefore, the court finds that his instant claim is procedurally defaulted.

---

[2] The court received and docketed his motion on February 12, 2007. However, an inmate's action is commenced for purposes of the statute of limitations as soon as he delivers his complaint to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276 (1988), Lewis v. Richmond City Police Dept., 947 F.2d 733, 735 (4th Cir. 1991).

However, there are two instances when a procedurally defaulted claim may be considered on collateral review. First, a defaulted claim may be raised in a § 2255 proceeding if the petitioner demonstrates both cause for the default and actual prejudice from the failure to review the claim.[3] Bousely, 523 U.S. at 622; United States v. Frady, 456 U.S. 152, 170 (1972); Wainwright v. Sykes, 433 U.S. 72, 84 (1977); United States v. Mikalajunas, 186 F.3d 490, 492-95 (4th Cir. 1999); United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994). In the alternative, a defaulted claim may be raised if the petitioner can demonstrate that he is actually innocent. Schlup v. Delo, 513 U.S. 298, 321 (1995); Mikalajunas, 186 F.3d at 493. In the instant case, Evans does not allege that he actually innocent of the crime of which he was convicted, and he has offered no explanation to show cause to excuse his default. Accordingly, the court finds that his claim is procedurally defaulted and not cognizable on habeas review.[4]

## III.

For the foregoing reasons, the court grants respondent's motion to dismiss and dismisses Evans' §2255 motion.

The Clerk of the Court is directed to send a certified copy of this Memorandum Opinion and the accompanying Order to the petitioner.

ENTER: This 23rd day of May, 2007.

*[signature]*
United States District Judge

---

[3] To establish cause, Evans must point to some objective factor beyond the defendant's control that impeded or prevented him from presenting his claim. Coleman v. Thompson, 501 U.S. 722, 753 (1991). Objective factors that may constitute "cause" include: (1) interference by officials that makes compliance impracticable; (2) a showing that the factual or legal basis for a claim was not reasonably available; (3) novelty of the claim; and (4) constitutionally ineffective assistance of counsel. Wright v. Angelone, 151 F.3d 151, 160 n.5 (4th Cir. 1998) (quoting McCleskey v. Zant, 49 U.S. 467, 493-94 (1991)). To show prejudice, Evans must demonstrate "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." McCarver v. Lee, 221 F.3d 583, 892 (4th Cir. 2000) (quoting Frady, 456 U.S. at 170).

[4] Moreover, for the reasons stated in respondent's motion to dismiss, even if Evans' claim was not procedurally defaulted, it would nevertheless fail on the merits because the Supreme Court's holding in Almendarez-Torres v. United States, 523 U.S. 224 (1998), authorizes a court to grant a sentencing enhancement based upon facts, not charged in an indictment, which establish a history of recidivism. See also United States v. Cheek, 415 F.3d 349, 351-54 (4th Cir.) (reaffirming continuing validity of Almendarez-Torres after United States v. Booker, 534 U.S. 220 (2005)).